## COURT OF APPEALS
## DECISION
## DATED AND FILED

## September 16, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* **WIS. STAT. § 808.10 and RULE 809.62.**

**Appeal No. 2020AP208**

Cir. Ct. No. 2019FO954

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT II**

COUNTY OF WALWORTH,

    PLAINTIFF-RESPONDENT,

  V.

BOZENA TWAROWSKI,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Walworth County: KRISTINE E. DRETTWAN, Judge. *Affirmed*.

¶1 GUNDRUM, J.[1] Bozena Twarowski appeals pro se from a judgment of conviction after being found guilty of disorderly conduct following a court trial. She contends the trial court erred in finding her guilty because it erred in finding the

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(b) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

testimony of her accuser credible. For the following reasons, we conclude that the court did not err, and we affirm.

¶2 Twarowski does not assert that the evidence presented by the County of Walworth at the court trial, if believed, was insufficient to find her guilty of disorderly conduct. Instead, she claims, without developing an argument in support, that the court should not have believed key witness Robert Peterson.

¶3 The relevant evidence from the trial is as follows.

¶4 Peterson is the owner of Geneva's Paw Retreat, a canine boarding kennel. According to Peterson's testimony, on August 5, 2019, Twarowski came to pick up a dog from the kennel, but "didn't want to pay" the bill for boarding the dog. Twarowski became "argumentative" and "very hostile." Peterson told her, "[P]lease, ma'am, you need to calm down or you need to leave." He eventually told her, multiple times, that she needed to leave the premises, but she did not do so. Peterson called the police; by the time the police arrived, Twarowski had left the area.

¶5 A sheriff's deputy testified that she responded to the police call from Peterson and indicated that Peterson informed her that Twarowski was being "aggressive" and "yelling at him to the point where he felt that he needed to call the police." The deputy cited Twarowski for disorderly conduct, and when she attempted to explain the citation to Twarowski, Twarowski was "borderline disorderly" to the point where the deputy "needed to actually remove [herself] from the conversation."

¶6 Twarowski testified that when she came to pick up the dog on August 5, Peterson refused to release the dog unless she paid the bill, which she

claimed was substantially inflated above the previously agreed-upon price. Peterson told her to get off the property, and she waited in her car for some time before leaving. Twarowski stated that she "did not behave" in the manner of which she "was accused." On cross-examination, Twarowski admitted that she did not leave Peterson's property when he asked her to do so.

¶7 The trial court indicated that it found "credible" the testimony that when Twarowski interacted with Peterson on August 5, she was "arguing," "hostile," "aggressive," and "yelling" to the point where Peterson felt he needed to call the police. The court specifically acknowledged that Twarowski testified that she did not act in this manner but found the testimony that she did act in this manner to be the credible testimony. The court found that Twarowski had in fact caused a disturbance on August 5 to the point where Peterson had to call the police, and it found that she did commit disorderly conduct.

¶8 Twarowski's entire appeal rests on her challenge to the trial court's finding that the testimony presented by the County was credible. We will not set aside a trial court's findings of fact unless they are clearly erroneous. WIS. STAT. § 805.17(2). This case was tried to the court, and

> "[i]t is well settled that the weight of the testimony and the credibility of the witnesses are matters peculiarly within the province of the trial court acting as the trier of fact" because the trial court has a superior opportunity "to observe the demeanor of witnesses and to gauge the persuasiveness of their testimony."

*Tang v. C.A.R.S. Prot. Plus, Inc.*, 2007 WI App 134, ¶19, 301 Wis. 2d 752, 734 N.W.2d 169 (alteration in original; citations omitted). It is also for the trial court, not this court, "to resolve conflicts in the testimony, and we review the evidence in

the light most favorable to the findings made by the trial court." *Id.* (citation omitted).

¶9     On appeal, Twarowski bears the burden to convince us the trial court erred. *Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381. Because we heavily defer to the fact finder's credibility determinations as to witnesses before it and because Twarowski has failed to even develop any argument to convince us the court may possibly have erred in its credibility determinations, we can only conclude that the court made no error. As a result, we affirm.

        *By the Court.*—Judgment affirmed.

        This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.